WILLIAM A. FOSTER & Co., INC. *v.* UNITED STATES (No. 4153)[1]

---

[1] T. D. 49599.

60

United States Court of Customs and Patent Appeals, May 2, 1938

*John R. Rafter* for appellant.
*Charles D. Lawrence,* Acting Assistant Attorney General (*John J. McDermott,* special attorney, of counsel), for the United States.

[Oral argument April 13, 1938, by Mr. Rafter and Mr. Lawrence]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:[2]

This appeal brings before us for review a judgment of the United States Customs Court, First Division, overruling a protest by appellant against the assessment of duty by the collector at the port of New York upon certain colored, cast, polished plate glass, unsilvered, each article exceeding 720 square inches in area, imported in August 1929. The merchandise was classified by the collector as cast polished plate glass, colored, under paragraphs 222 and 224 of the Tariff Act of 1922, and specific duty was assessed thereon at the rate of 22 cents

---

[2] JACKSON, Judge, took no part in the consideration or decision of this case.

per square foot, as specified in a proclamation of the President dated January 17, 1929, T. D. 43157, said proclamation being made pursuant to the provisions of section 315 (a) of said tariff act. An additional duty of 5 per centum ad valorem was assessed upon the merchandise under the provisions of paragraph 224 of said tariff act.

Appellant made various claims in its protest, all of which have been abandoned except the claim that the specific rate applicable to the glass here involved is 17½ cents per square foot, rather than 22 cents per square foot as provided in said proclamation. The contention of appellant is that the imported merchandise, being colored plate glass, is not embraced within the terms of the proclamation.

The paragraphs of said tariff act here involved read as follows:

PAR. 222. Cast polished plate glass, finished or unfinished, and unsilvered, not exceeding three hundred and eighty-four square inches, 12½ cents per square foot; above that, and not exceeding seven hundred and twenty square inches, 15 cents per square foot; all above that, 17½ cents per square foot.   *   *   *

PAR. 224. Cast polished plate glass, silvered or unsilvered, and cylinder, crown, and sheet glass, by whatever process made, silvered or unsilvered, polished or unpolished, when bent, ground, obscured, frosted, sanded, enameled, beveled, etched, embossed, engraved, flashed, stained, colored, painted, ornamented, or decorated, shall be subject to a duty of 5 per centum ad valorem in addition to the rates otherwise chargeable thereon.

Said proclamation of the President, T. D. 43157, after reciting the provisions of section 315 (a), *supra*, and stating that an investigation by the United States Tariff Commission had been made of differences of costs of production in the United States and the principal competing country of the "article described in paragraph 222 of title I of said tariff act of 1922, namely, cast polished plate glass, finished or unfinished, and unsilvered," stated as follows:

Now, therefore, I, Calvin Coolidge, President of the United States of America, do hereby determine and proclaim that the increases in the rates of duty provided in said act shown by said ascertained differences in said costs of production necessary to equalize the same are as follows:

Increases in said duties on cast polished plate glass, finished or unfinished, and unsilvered, not exceeding three hundred and eighty-four square inches, from 12½ cents per square foot to 16 cents per square foot; above that, and not exceeding seven hundred and twenty square inches, from 15 cents per square foot to 19 cents per square foot; all above that, from 17½ cents per square foot to 22 cents per square foot.

Upon the trial the only evidence introduced was documentary, from which it appears that *colored* cast polished plate glass was not included in the investigation by the Tariff Commission referred to in the proclamation of the President.

It is the contention of appellant that the glass here involved, although conceded to be cast polished plate glass, unsilvered, does not come within the President's proclamation because it is colored; that

paragraph 224 is not affected by said proclamation; that said paragraph should be construed as if the specific rate of 17½ cents per square foot for the character of glass here involved had been written into said paragraph as the specific rate for the involved glass, plus 5 per centum ad valorem; that colored plate glass is a different article from that embraced in said proclamation; and that the involved merchandise is dutiable at the compound rate which was prescribed by Congress when the Tariff Act of 1922 was enacted, viz, 17½ cents per square foot and 5 per centum ad valorem.

The argument of appellant's counsel in support of his contentions is ingenious, but does not, in our opinion, accord with the intent of Congress, gathered from a consideration of said paragraphs 222 and 224.

That the glass here involved, although colored, is "cast polished plate glass, * * * unsilvered," is conceded by appellant's counsel. Indeed, if it were not such, it would not come within the provisions of paragraph 224 for processed glass.

The proclamation of the President embraces all cast polished plate glass, finished or unfinished, and unsilvered, and with respect to such glass of the dimensions here involved, the rate was increased from 17½ cents per square foot, as originally provided in the Tariff Act of 1922, to 22 cents per square foot.

Therefore, after said proclamation became effective, there was no cast polished plate glass, unsilvered, of said dimensions, dutiable at the rate of 17½ cents per square foot, but all such glass became dutiable at the rate of 22 cents per square foot. When the proclamation became effective, the rates named therein were, in legal effect, the rates prescribed by Congress, acting through a validly delegated authority, and had the same effect as if Congress had, by direct enactment, amended the Tariff Act of 1922 insofar as the same related to rates of duty upon cast polished plate glass, unsilvered. *Hampton, Jr., & Co.* v. *United States*, 14 Ct. Cust. Appls. 350, T. D. 42030, affirmed 276 U. S. 394; *Field* v. *Clark*, 143 U. S. 649.

The validity of the proclamation here under consideration was upheld in the case of *Foster & Co.* v. *United States*, 20 C. C. P. A. (Customs) 15, T. D. 45673.

We now come to the inquiry as to the construction of the phrase in paragraph 224, "in addition to the rates otherwise chargeable thereon." It is clear to us that the phrase means in addition to the rates that would be chargeable upon cast polished plate glass, if not colored or otherwise processed as provided in said paragraph. We do not see how any other construction is reasonably possible.

The glass here involved being cast polished plate glass, unsilvered, the specific rate chargeable thereon would clearly be 22 cents per

square foot, if not colored, and not 17½ cents per square foot. In fact, there is no 17½ cent rate left in the Tariff Act of 1922 pertaining to glass of the character here involved. That rate, as hereinbefore observed, is as completely eliminated from said tariff act, so long as said proclamation remains in effect, as if Congress had directly legislated upon the subject. Had Congress directly amended paragraph 222 by striking out "17½ cents per square foot" and inserting "22 cents per square foot," we do not think that it would be contended here that the phrase, "in addition to the rates otherwise chargeable thereon," would not relate to the specific rate in paragraph 222, as amended, of 22 cents per square foot.

The President's proclamation, it is true, does not embrace colored cast polished plate glass, unsilvered, and that character of glass was not involved in the investigation made by the Tariff Commission.

If the President's proclamation had purported in any way to change the additional 5 per centum ad valorem duty placed on colored plate glass, a different question would be presented; but it did not. That rate remains unaffected by the proclamation; therefore the fact that the commission made no investigation of the cost of production of colored plate glass is wholly immaterial here.

If Congress had provided no additional duty on colored cast polished plate glass, unsilvered, it clearly would have fallen under the provisions of paragraph 222, and it would have been subject to duty at the rate named in the President's proclamation, viz, 22 cents per square foot; and the fact that Congress provided for an additional duty of 5 per centum ad valorem in paragraph 224 for such glass, if colored, has no bearing upon the specific rate applicable to such glass.

We find no error in the judgment appealed from, and it is *affirmed*.